IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV497-02-MU
(3:04CR118-MU)


| | | |
|---|---|---|
| JOE LOUIS HAMPTON, | ) | |
|     Petitioner, | ) | |
| | ) | |
|      v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Petitioner's form "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence . . . ," filed November 20, 2007 (document # 1).  For the reasons stated herein, Petitioner's Motion to Vacate will be <u>denied</u> and <u>dismissed</u>.

## I.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Pertinent to this Motion, the record reflects that on May 24, 2004, a Bill of Indictment was filed, identifying only Petitioner and charging that he had conspired "with others, both known and unknown to the Grand Jury, including FNU/LNU a.k.a. 'Baseline,'"to possess with intent to distribute powder cocaine and cocaine base, in violation of 21 U.S.C. §846 (Count One). The Indictment further charged that Petitioner twice had used and carried a firearm during and in relation to a drug trafficking crime, and had possessed or aided and abetted others' possession of the subject firearm in furtherance of that drug trafficking

crime, all in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Two and Four); and that on three separate occasions, he had possessed a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. §922(g)(1) (Counts Three, Five and Six).

On May 27, 2005, Petitioner entered into a written Amended Plea Agreement with the Government, whereby he agreed to plead guilty to Counts One through Three. Also on that date, the parties' Agreement was filed, and the Court conducted a Plea and Rule 11 Hearing during which Petitioner tendered his guilty pleas. After hearing Petitioner's sworn representations, including his expression of satisfaction with counsel, the Court accepted Petitioner's pleas.

Thereafter, on May 24, 2006, the Court conducted a Factual Basis and Sentencing Hearing. During that proceeding, the Court determined that Petitioner was subject to sentencing as a Career Offender; and that his recommended sentencing range under the United States Sentencing Guidelines was 262 to 327 months imprisonment. However, upon the Government's Motion for a downward departure, the Court sentenced Petitioner to the reduced total term of 240 months imprisonment. That is, the Court sentenced Petitioner to 60 months on Count One; to a consecutive term of 60 months on Count Two; and to a consecutive term of 120 months on Count Three. Nevertheless, Petitioner appealed his case to the Fourth Circuit Court of Appeals.

On appeal, counsel for Petitioner filed a brief pursuant to
Anders v. California, 386 U.S. 738 (1967), but also asked the
Court to determine whether the Government had breached the
parties' plea agreement by failing to pursue a greater downward
departure for Petitioner.  See United States v. Hampton, No. 06-
4645, slip op. at 2 (4th Cir. Nov. 15, 2006).  Petitioner was
advised of his right to file his own supplemental brief; however,
he declined to do so. Id.

Upon its review, the Circuit Court determined that in light
of the fact that he made no challenge to his Amended Plea Agree-
ment at sentencing, Petitioner had to establish plain error in
order to secure relief on his claim of a breached Agreement.  Id.
at 3.  Ultimately, the appellate Court concluded that no such
error was present because the record tended to show that "the
Government did not breach the plea agreement . . . ." Id.  The
appellate Court further indicated that it had reviewed the entire
record and found no meritorious issues for appeal.  Id.  Conse-
quently, Petitioner's convictions and sentences were affirmed.
Id. at 4.

On November 20, 2007, Petitioner returned to this Court and
filed the instant Motion to Vacate.  In his Motion to Vacate,
Petitioner claims that he was subjected to ineffective assis-
tance of counsel because he "was constantly lied to [and]
misguided by [his] attorney"; and that counsel somehow was inef-

fective, presumably because counsel allowed Petitioner to be

"charged with a conspiracy with another person, but the person

that was on [his] indi[c]tment has never been indicted [,]

leaving [Petitioner] charged with a conspiracy with [him]self."

Petitioner's Motion to Vacate also asked for an extension of

his filing deadline so that he could have time to supplement that

pleading. However, on December 4, 2007, the Court entered an

Order explaining that the filing deadline could not be extended,

but that such deadline actually did not expire until February 20,

2008. Therefore, Petitioner was told that he had up to that

February date in which to supplement or add any desired claims.

Notwithstanding that information, Petitioner's filing deadline

passed without notice, and he has not submitted any additional

claims or arguments for the Court's consideration.

## II.  <u>ANALYSIS</u>

### 1. <u>This Court is authorized to promptly review and dismiss any § 2255 motion which does not contain a claim that entitles the petitioner to relief</u>.

Pursuant to Rule 4(b) of the Rules Governing Section 2255

Proceedings, sentencing courts are directed to promptly examine

motions to vacate, along with "any attached exhibits and the

record of prior proceedings . . . " in order to determine whether

the petitioner is entitled to any relief on the claims set forth

therein. In the event it is determined that the petitioner is

not entitled to relief, the reviewing Court must dismiss the

4

motion.

Following such directive, this Court carefully has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to relief on either of his two claims.

> ## 2. **Petitioner has failed to demonstrate any entitlement to relief under this Motion**.

With respect to claims of ineffective assistance of counsel, Petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, <u>and</u> that he was prejudiced thereby. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. <u>Id</u>. at 689; <u>see also</u> <u>Fields v. Attorney Gen. of Md.</u>, 956 F.2d 1290, 1297-99 (4th Cir.), <u>cert. denied</u>, 474 U.S. 865 (1985); <u>Hutchins v. Garrison</u>, 724 F.2d 1425, 1430-31 (4th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1065 (1984); <u>and</u> <u>Marzullo v. Maryland</u>, 561 F.2d 540 (4th Cir. 1977), <u>cert. denied</u>, 435 U.S. 1011 (1978).

Under these circumstances, Petitioner "bears the burden of proving <u>Strickland</u> prejudice." <u>Fields</u>, 956 F.2d at 1297, <u>citing</u> <u>Hutchins</u>, 724 F.2d at 1430-31. If Petitioner fails to meet this burden, a "reviewing court need not consider the performance

prong." <u>Fields</u>, 956 F.2d at 1290, <u>citing</u> <u>Strickland</u>, 466 U.S. at 697.

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. <u>Sexton v. French</u>, 163 F.3d 874, 882 (4th Cir. 1998), <u>cert. denied</u>, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . <u>Strickland</u> if the 'result of the proceeding was fundamentally unfair or unreliable.'" <u>Id.</u>, <u>quoting</u> <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993).

More critically, inasmuch as Petitioner has alleged ineffective assistance of counsel following the entry of his guilty plea, he has a different burden to meet. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. at 53-59; <u>Fields</u>, 956 F.2d at 1294-99; <u>and</u> <u>Hooper v. Garraghty</u>, 845 F.2d 471, 475 (4th Cir.), <u>cert. denied</u>, 488 U.S. 843 (1988). The Fourth Circuit described a petitioner's burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, <u>he would not have pleaded guilty and would have insisted on going to trial</u>."

<u>Hooper</u>, 845 F.2d at 475 (emphasis added); <u>accord</u> <u>Hill v. Lock-</u>

hart, 474 U.S. at 59-60; and Fields, 956 F.2d at 1297.  Criti-
cally, however, if a petitioner fails to meet his burden of
demonstrating prejudice, a "reviewing court need not consider the
performance prong." Fields, 956 F.2d at 1290, citing Strickland,
466 U.S. at 697.

Thus, "the central inquiry" is whether, but for counsel's
alleged errors, this Petitioner would have insisted on a trial.
Slavek v. Kinkle, 359 F.Supp.2d 473, 491 (E.D. Va. 2005) (sum-
marily rejecting claims of ineffectiveness on prejudice prong
based on petitioner's failure and inability to argue that but for
alleged errors, he would have insisted on trial or entered a
different guilty plea).  Courts have stated that this inquiry is
an "objective one based on whether going to trial might reasona-
bly have resulted in a different outcome." Martin v. United
States, 395 F. Supp. 2d 326, 329 (D. S.C. 2005). See also Beck
v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001) (finding that in
light of overwhelming evidence of guilt and lack of available
defenses, petitioner could not establish prejudice under the
modified "reasonable probability" standard); and Burket v.
Angelone, 208 F.3d 172, 190-91 (4th Cir. 2000) (same).

Turning first to Petitioner's Motion to Vacate, the Court
finds that he has not asserted or even hinted that but for
counsel's alleged ineffectiveness, he would have insisted on a
trial.  Moreover, Petitioner has not pointed the Court to one

7

scintilla of evidence which reasonably could support a conclusion that had he gone to trial, he would have received a better outcome. Indeed, the record does not even contain an assertion of innocence by Petitioner, but only the sworn confessions of guilt which he made during his Plea Hearing.

Furthermore, it has not escaped the Court's attention that Petitioner did not complain about counsel's performance on either of the occasions when he was specifically given the opportunity to do so during his Plea and Sentencing Hearings. These failures by Petitioner, apart from any consideration of his claims, are enough to justify the summary dismissal of this Motion.

Were the foregoing not damning enough, however, the Court also finds that Petitioner's claims against counsel are factually and/or legally baseless in any event. That is, by his first claim, Petitioner alleges that counsel constantly lied to and misguided him. Notably, Petitioner fails to give an example or other detail for this claim.

By contrast, the record reflects that when he was questioned by the Court during his Plea Hearing, Petitioner swore that, other than the terms of his Plea Agreement, no one had made him any promises of leniency or a light sentence in order to induce his guilty pleas; that no one had threatened or coerced him into pleading guilty; and that he was satisfied with counsel's services.

Equally, if not more critically, this record reflects that because of counsel's efforts, Petitioner avoided a sentence enhancement under 21 U.S.C. § 851; that counsel's efforts also allowed Petitioner to enter a Plea Agreement by which he would be held responsible for only three of the six charges which he was facing; that, in fact, counsel's efforts actually secured an Agreement which allowed Petitioner to plead guilty to only one of the two § 924(c) charges which he was facing, thereby avoiding the potential for a term in the range of 548 to 595 months; that the Agreement also gave Petitioner the opportunity to cooperate with the Government in an attempt to secure a sentence below the otherwise applicable Guidelines term; and that counsel's efforts, along with Petitioner's cooperation, did result in Petitioner's receipt of a sentence below his Guidelines term.  Consequently, Petitioner cannot show any deficient performance or resulting prejudice in connection with his cryptic claim that counsel somehow lied to and misled him in this case.

As for Petitioner's other nonsensical claim, the Court likewise finds that he has failed to demonstrate an entitlement to relief.  That is, the core of Petitioner's second claim appears to be that counsel was ineffective for having allowed him to be the only person who was prosecuted and convicted on a conspiracy charge.  Suffice it to say, however, even assuming that the Government had not, as of the time of Petitioner's

conviction, pursued any of the of the persons with whom Petitioner admittedly conspired, that fact would be of little consequence to him.  That is, it goes without saying that defense attorneys have no control over how Government prosecutors choose to exercise their prosecutorial discretion.  See United States v. Armstrong, 517 U.S. 456, 464-65 (1996) ("[w]hen acting on probable cause that a crime has been committed, a government prosecutor generally enjoys unfettered discretion in the decision whether to prosecute.").  Therefore, in the absence of a substantial allegation that such discretion improperly was exercised, counsel would have has had no basis to raise a selective prosecution claim.

Further, to the extent that this claim actually is an attempt by Petitioner to argue that counsel should have challenged the Indictment because it failed correctly to identify any other defendant besides Petitioner, such claim still must fail.  To be sure, the law is clear that there simply is no requirement that a conspiracy indictment against a single defendant name or otherwise precisely identify the defendant's co-conspirators.  United States v. American Waste Fibers Co., 809 F.2d 1044, 1046 (4th Cir. 1987) (upholding charge alleging defendant conspired with persons known and unknown). Further, although at least two persons are necessary to constitute a conspiracy, "'one person can be convicted of conspiring with persons whose names are

unknown.'" Id. at 1046, citing Rogers v. United States, 340 U.S. 367, 375 (1951). Thus, counsel could not have been deficient for having chosen not to challenge Petitioner's Indictment on that basis.

### III.  CONCLUSION

Petitioner has failed to establish that he is entitled to any relief on his claims against his former attorney. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

### V.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate is **DENIED and DISMISSED.**

**SO ORDERED.**

Signed: March 7, 2008

Graham C. Mullen
United States District Judge

11